CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2015 AUG 24 PM 4: 52

DEPUTY CLERK_____

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO: 1:09-CR-00016-P-BL-1 |
| | § | |
| PAUL MARTIN HENRIKSON | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The magistrate judge submits this Report and Recommendation to the United States district judge pursuant to 28 U.S.C. §636(b) and the referral Order dated July 30, 2015, (Doc. 59), addressing the motion to revoke Paul Martin Henrikson's (hereafter "Defendant") term of supervised release.

### I.  PROCEDURAL BACKGROUND

**A.  Original Conviction**

On March 11, 2009, Defendant pleaded guilty to one count of Failure to Register as a Sex Offender, in violation of 18 U.S.C. § 2250(a). (Doc. 27). On October 16, 2009, Defendant was sentenced to 84 months custody, (Doc. 27, p. 2), to be followed by a 20-year term of supervised release (Doc. 27, p. 3). Judgment was entered accordingly. (Doc. 27). Supervision commenced on April 23, 2015. (Doc. 51).

On June 2, 2015, jurisdiction was transferred from Senior U.S. District Judge Sam R. Cummings to Chief U.S. District Judge Jorge A. Solis.

1

### B. Current Revocation Proceedings

#### 1) Procedural History

Before the Court is the Government's First Amended Motion to Revoke Supervised Release dated June 23, 2015, (Doc. 51), requesting revocation of Defendant's term of supervised release and entry of an order to serve a sentence as determined by the Court. This Motion followed a Petition of the United States Probation Office, (Doc. 45), executed June 1, 2015, requesting a violator's warrant for Defendant's arrest after violation of the conditions discussed below. The Senior District Judge ordered the issuance of a warrant on June 2, 2015. (*Id.*). Thereafter, on June 19, 2015, a Supplemental Petition was filed, (Doc. 50), alleging additional violations, and the Chief District Judge ordered that said supplemental violations be added to those contained in the original Form 12-C order.

Judge William R. Eichman II of the 364th District Court of Lubbock County, Texas, conducted an initial appearance on June 15, 2015. (Doc. 48). A preliminary revocation and detention hearing were set before the United States magistrate judge on July 16, 2015. (Doc. 53), but both were terminated upon filing of a waiver of probable cause and detention by Defense Counsel. (Doc. 56). An Order of Detention and Finding Probable Cause was entered by the magistrate judge on July 16, 2015. (Doc. 58).

#### 2) Violation Allegations

As indicated above, a violator's warrant was issued and Defendant was arrested for allegedly violating terms of his supervised release, specifically[1]:

---

[1] Alleged violations taken from Petition for Offender under Supervision dated June 1, 2015, and Supplemental Petition for Offender under Supervision dated June 19, 2015.

2

**Violation of Mandatory Condition**

The defendant shall not illegally possess a controlled substance.

**Violation of Mandatory Condition**

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

**Violation of Standard Condition No. 7**

The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

**Nature of Noncompliance**

Paul Martin Henrikson violated these conditions of supervised release by using and/or possessing methamphetamine, an illegal controlled substance, in or about May 2015. On May 22, 2015, Mr. Henrikson admitted, both verbally and in writing, to Senior U.S. Probation Officer Greg Cruz (Sr. USPO Cruz) that he used methamphetamine on May 12, 2015. Additionally, Mr. Henrikson submitted a urine specimen on May 22, 2015, at the U.S. Probation and Pretrial Services Office in Lubbock, Texas, which tested positive for methamphetamine.

On June 22, 2015, a Supplemental Petition for Offender Under Supervision was filed and alleged the following additional violations:

**Violation of Special Condition No. 1**

The defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $15 per month.

**Nature of Noncompliance**

Paul Martin Henrikson violated this condition of supervised release as Texas Tech University Health Sciences Center/Southwest Institute for Addictive Diseases (TTUHSC/SWIAD), Lubbock, Texas, the local drug aftercare provider, advised that Mr. Henrikson failed to submit urine specimens on May 27, and June 11, 2015, as required. Further, TTUHSC/SWIAD officials advised that Mr. Henrikson failed to attend group counseling sessions on June 2 and 9, 2015, as required.

**<u>Violation of Special Condition No. 3</u>**

The defendant shall participate in sex offender treatment services as directed by the probation officer until successfully discharged. These services may include psycho-physiological testing (i.e., clinical polygraph, plethysmograph, and the ABEL screen) to monitor the defendant's compliance, treatment progress, and risk to the community. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $15 per month.

**<u>Nature of Noncompliance</u>**

Paul Martin Henrikson violated this condition of supervised release as Gateways Counseling, P.C., Lubbock, Texas, the local sex offender treatment provider, advised that Mr. Henrikson failed to attend an appointment on June 11, 2015, to complete his assessment interview.

### 3) Revocation Hearing

A Final Hearing on the Motion to Revoke Supervised Release was held on August 13, 2015, before the magistrate judge. Defendant was represented by Jeff Propst; the United States was represented by Assistant United States Attorney Denise Williams. The proceedings were electronically recorded. Upon call of the matter, Defendant was placed under oath and advised of the alleged violations by reading the revocation motion. **Defendant consented orally and in writing to allocution before the magistrate judge (Doc. 64).**

The undersigned explained to Defendant the statutory maximum terms of incarceration and supervised release as well as the sentencing options available to the Court. The undersigned also informed Defendant that the presiding District Judge was not obligated to impose the sentence recommended by the magistrate judge. Defendant acknowledged his understanding and entered a plea of true to the allegations contained in Section I.B(2) above, specifically: the two Mandatory Conditions that Defendant not illegally possess a controlled substance and that he refrain from any unlawful use of a controlled substance; Standard Condition #7; and Special Conditions ## 1 and 3.

Defendant declined the invitation to personally allocute. Defense Counsel requested consideration of placement in a halfway house as part of sentencing. Defense Counsel agreed that

the guideline range was appropriate, but sought "a sentence that would allow Defendant to reintegrate into society, not set him up to fail," hence the recommendation for six-months in a halfway house upon release from incarceration.

The government opposed the inclusion of any provision for commitment to a halfway house in the Court's sentence, noting that such placement was offered when Defendant began his current term of supervised release but that he declined, opting to "go it alone." Instead, the government proposed that any new term of supervised release could be modified to include halfway house assignment, if and when Defendant was deemed deserving of such placement. Further commenting on the issue of sentencing, the government noted that Defendant failed to comply with the instructions of the U.S. Marshals at the time of his arrest, and that at such time, a large metal hatchet was located in his waistband, along with drug paraphernalia.

Defense Counsel explained in rebuttal that the hatchet was necessary for Defendant's employment as a laborer for a home repair company.

## II. FINDINGS OF THE COURT

(1) The Defendant pled true to the allegations that he violated conditions of his supervised release as contained in the Government's Motion and Supplemental Motion to Revoke, and set forth in Section I.B(2) above, specifically: the two Mandatory Conditions that he not illegally possess a controlled substance and that he refrain from any unlawful use of a controlled substance; Standard Condition #7; and Special Conditions ## 1 and 3. The Defendant was competent to make the decision to plead true to the allegations.

(2) The Defendant had both a factual and rational understanding of the proceedings against him.

(3) The Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against his or the consequences of his plea.

(4)     The Defendant was sane and mentally competent to stand trial for these proceedings and to assist his attorney in the preparation and conduct of his defense.

(5)     The Defendant received a copy of the Government's Motions to Revoke, either read or had them read to him, had adequate opportunity to discuss the charges against him with his attorney, and ultimately understood the charges alleged against him.

(6)     A preliminary revocation hearing was terminated based upon the waiver of Defendant to contest probable cause as to the alleged violations. An Order of Detention and Finding Probable Cause was subsequently entered by the magistrate judge.

(7)     At the final revocation hearing, Defendant understood all of his statutory and constitutional rights, yet freely, intelligently, and voluntarily waived same and pled true to the allegations listed in subsection I.B(2) above.

(8)     The Defendant violated conditions of his supervised release.

## III.    SENTENCING

### A.    FACTORS

The Court may revoke a term of supervised release after finding that a defendant has violated a condition of supervised release. *See* 18 U.S.C. § 3583(e)(3). Upon revocation, a court should impose a sentence that is sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a). *See* § 3583(c). The sentencing court is to consider:

    i.     The nature and circumstance of the offense and the history and characteristics of the defendant, *see* 18 U.S.C. § 3553(a)(1);

    ii.     The need for the sentence imposed to afford adequate deterrence to criminal conduct, see 18 U.S.C. § 3553(a)(2)(B); to protect the public from further crimes of the defendant, see 18 U.S.C. § 3553(a)(2)(C); and to provide the defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner, see 18 U.S.C. § 3553(a)(2)(D)[2];

---

[2] Pursuant to *U.S. v. Miller*, 634 F.3d 841 (5th Cir. 2011), the Court may not consider the factors listed in 18 U.S.C. § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when revoking a term of supervised release. Further, the sentencing court may not impose or lengthen a prison term in order to foster a defendant's rehabilitation.

 iii. The kinds of sentence and the applicable sentencing range established in the United States Sentencing Commission's Sentencing Guidelines pursuant to section 994(a)(3) of title 28, United States Code, any amendments thereto, and any associated policy statements made by act of Congress or issued by the Sentencing Commission, see 18 U.S.C. § 3553(a)(4)(B);

 iv. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, see 18 U.S.C. § 3553(a)(6); and,

 v. The need to provide restitution to any victims of the offense, see 18 U.S.C. § 3553(a)(7).

The undersigned has carefully considered the factors listed in 18 U.S.C. §§ 3583(e) and 3553(a) as applied to this defendant.

### B. STATUTORY AND GUIDELINE PROVISIONS

The classification of Defendant's underlying criminal offense results in a two-year statutory maximum term of incarceration upon revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). United States Sentencing Guideline 7B1.4(a) suggests a revocation range of eight to fourteen months imprisonment, based upon Defendant's criminal history category of VI and the admitted Grade C violations. Revocation of supervised release and a term of imprisonment not to exceed the maximum provided in 18 U.S.C. § 3583(e)(3) is mandatory, given Defendant's admitted violations of possession of a controlled substance and failure to comply with drug testing. *See* 18 U.S.C. § 3583(g)(1) and (3).[3]

Defendant may also be placed back on supervised release following any term of imprisonment imposed upon revocation. The maximum term of supervised release must not

---

*U.S. v. Tapia*, 131 S.Ct. 2382 (2011).

[3] *See*, however, the exception contained in § 3583(d): "The court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test." The undersigned has carefully considered the factors listed in 18 U.S.C. §§ 3583(d).

exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. *See* 18 U.S.C. § 3583(h); s*ee also U.S. v. Jackson*, 559 F.3d 368 (5th Cir. 2009). In this case, Defendant is subject to a term of supervised release of at least five (5) years, less any term of imprisonment imposed upon revocation of his supervised release.

IV. **ANALYSIS AND RECOMMENDATION**

Defendant began his term of supervised release on April 23, 2015, with a special condition that required his participation in both substance abuse and sex offender treatment services. He was initially referred to a local drug aftercare provider on May 1, 2015, for random urine specimen submissions. On the same date, he was referred to a provider for participation in sex offender treatment services.

Defendant first violated his conditions of supervised release by using and/or possessing methamphetamine in May 2015. On May 14, 2015, Defendant submitted a urine specimen which tested positive for methamphetamine. On May 22, 2015, Defendant admitted, both verbally and in writing, to the Probation Officer that he used methamphetamine on May 12, 2015. Additionally, Defendant submitted a urine specimen on May 22, 2015, at the Lubbock, Texas USPO, which tested positive for methamphetamine.

Based on these violations, services with the provider were intensified and Defendant was required to participate in additional group and individual counseling services. Defendant, however, failed to comply with treatment services, failing to submit urine specimens on May 27, and June 11, 2015, as required. Further, the provider advised that Defendant failed to attend group counseling sessions on June 2 and 9, 2015, as required. Additionally, the sex offender treatment

services provider advised that Defendant failed to attend an appointment on June 11, 2015, to complete his assessment interview.

In summary, Defendant has a documented substance abuse history which has continued during his current term of supervised release, despite his participation in substance abuse treatment services. No interventions imposed throughout his term of supervision have deterred him from continuing to abuse illicit substances or violating other supervision conditions. Although the policy range of imprisonment was considered, it does not appear that such would serve to accomplish the sentencing objectives of punishment for the violation conduct or deterrence from further criminal activities. For the same reasons, it is not recommended that supervised release following revocation be imposed.

Upon consideration of the foregoing, the magistrate judge **RECOMMENDS** that:

(1) Defendant be found to have **violated** the conditions of his supervised release as set forth in Section I.B(2) above, specifically the two Mandatory Conditions that he not illegally possess a controlled substance and that he refrain from any unlawful use of a controlled substance; Standard Condition #7; and Special Conditions ## 1 and 3, and, accordingly, that his supervised release be **REVOKED**;

(2) Defendant be **SENTENCED** to the custody of the Attorney General for a period of **eighteen (18) months**; and

(3) **No additional term of supervised release** be imposed, as it does not appear Defendant would benefit from another term of supervised release.

### NOTICE OF OPPORTUNITY TO FILE OBJECTIONS TO REPORT AND RECOMMENDATION

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SIGNED this 24th day of August, 2015.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE